E-FILED
Wednesday, 18 June, 2008 11:23:58 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## Urbana Division

| | |
|---|---|
| SHELLEY G. PEZAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 08-2117 |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Shelley G. Pezan has brought this administrative review action pursuant to 42 U.S.C. § 405(g). The plaintiff is seeking judicial review of the final decision of the Secretary denying Supplemental Security Income.

Plaintiff's Motion for Appointment of Counsel will be denied. The plaintiff in a Social Security action has no absolute right to counsel. A litigant must show that he has made a reasonable attempt to obtain private counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff has satisfied the Court that she has made a reasonable attempt to retain counsel but numerous attorneys have declined representation.

The decision to appoint counsel lies within the broad discretion of the Court. *Jackson v. County of McLean*, *supra*. In exercising its discretion, a district court is guided by several factors: (1) the merit of the indigent plaintiff's claims; (2) the plaintiff's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; and (5) the complexity of the legal issues raised. *Swofford v. Maxwell*, 969 F.2d 547, 551 (7th Cir. 1992), relying on *Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983); *see also Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981) (*inter alia*). "[O]nly when the cases are colorable, the facts may

be difficult to assemble, and the law is complex" will judges request an attorney to assist the litigant. *DiAngelo v. Illinois Dept. of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989)

The Court has not formed even a preliminary opinion regarding the merit of Plaintiff's claim. However, she did indicate in a hearing held June 11, 2008, that the attorneys she had sought to retain generally declined representation on the basis that while she had a valid position, it would be difficult to prevail. No independent investigation is required in a case such as this. Plaintiff will be able to extract crucial facts from the administrative record. Any facts omitted from the record will be known to Plaintiff. Nothing about the nature of the case or the evidence previously submitted indicates that the truth will more likely be exposed if both sides are represented by counsel. The Plaintiff appears to be quite capable of representing herself. She indicated that she had worked in the insurance field for 18 years and was licensed in property, casualty, life, and health. Finally, while no case is simple, the present case does not appear to involve issues that are unusually complex.

Accordingly, the Court has determined that Plaintiff is capable of representing herself in this matter. Certainly, the Court will grant Plaintiff, as a pro se litigant, wide lattitude in the handling of this matter. Therefore, the plaintiff's Motion for Appointment of Counsel **(#2)** is **DENIED**.

ENTER this 18th day of June, 2008.

                                                        s/ DAVID G. BERNTHAL
                                                       U.S. MAGISTRATE JUDGE